### 10059

### HANLEY v. CHARLESTON LIGHT & WATER CO.

(96 S. E. 519.)

1. Venue — Change of Venue — Grounds — Statute.—Civ. Code 1912, sec. 3832, relates only to a change of venue because a fair and impartial trial cannot be had in county of the venue, and does not affect the Court's power to change the venue on the other grounds specified in Code Civ Proc. 1912, sec. 176, subds. 1, 3.

2. Venue—Change of Venue—Circuit.—Under Code Civ. Proc. 1912, sec. 176, if the venue is laid in the wrong county, it must be changed to the proper county on motion regardless of whether that county is in the same or a different Circuit.

3. VENUE—CHANGE OF VENUE—PROMOTION OF JUSTICE—CIRCUIT.—If the venue is changed under Code Civ. Proc. 1912, sec. 176, subd. 3, on account of the convenience of witnesses and to promote the ends of justice, the cause may be removed to another Circuit.

Before BOWMAN, J., at chambers, Charleston.    Affirmed.

Action by Patrick Hanley against the Charleston Light & Water Power Company. From an order granting defendant's motion for a change of venue, plaintiff appeals.

*Messrs. Wolfe & Berry,* for appellant, submit: *That Berkeley was the proper county for trial of this cause:* 78 S. C. 325. *The place of trial could not have been changed from Berkeley county, in the First Judicial Circuit, to Charleston county, in the Ninth Judicial Circuit:* Code of Procedure 1912, sec. 174; Civil Code 1912, section 3832. *The Circuit Judge could not, at chambers, change the venue, but only in open Court, if his conclusion was based in any degree upon the consideration "that the ends of justice will be promoted by the change:"* 74 S. C. 312.

*Messrs. Miller & Miller,* for respondent, cite: *As to change of venue:* Code of 1912, vol. II, section 176; Code of 1912, vol. I, sec. 3832; Constitution of 1869, article V, section 2, and the act of the legislature, approved September 21, 1868; Constitution of 1895, article V, section 2; 38 S. C. 399; 46 S. C. 317; 72 S. C. 572. *As to power of Judge at chambers to change the venue in certain cases:* 72 S. C. 572; Code of 1912, sections 176 and 403; 46 S. C. 317; 74 S. C. 512; 22 S. C. 276; 74 S. C. 438. *The Court erred in not granting the motion upon the additional ground urged by the defendant-respondent, that Berkeley county was not the proper place of trial:* 65 S. C. 326; 74 S. C. 69; 74 S. C. 438; Statutes of S. C., vol. XXII, p. 934.

July 24, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action is for damages for cutting off plaintiff's supply of water. The venue was laid in Berkeley county, which is in the First Judicial Circuit. Defendant moved to change it to Charleston county, which is in the Ninth Judicial Circut, under subdivisions 1 and 3 of section 176 of the Code of Civil Procedure. Plaintiff is a resident of the city of Charleston. Defendant is a public service corporation, having the exclusive franchise of supplying light and water to the residents of the city. The water supply is brought from the adjoining county of Berkeley, where defendant has its reservoir, filtering plant, and pumping station, but its principal place of business is in the city of Charleston. Section 176 of the Code of Civil Procedure gives the Court power to change the place of trial: (1) Where the county designated in the complaint is not the proper county; (2) where there is reason to believe that an impartial trial cannot be had therein; and (3) when the convenience of witnesses and the ends of justice will be promoted by the change. The Court refused the motion under the first, but granted it under the third, subdivision. Plaintiff appealed, assigning error: (1) In granting the motion at all; and (2) in removing the cause to a different Circuit, when, if removed at all, it should have been to another county in the same Circuit. Defendant gave notice that it would ask that the order be sustained on the additional ground that it should have been granted under the first subdivision.

Being satisfied that the venue was properly changed under the third subdivision, we express no opinion as to defendant's right to a removal under the first.

Plaintiff relies upon section 3832, vol. I, Civil Code, which gives the Circuit Court power to change the venue in all cases, civil and criminal, pending therein, on motion, supported by affidavit that a fair and impartial trial cannot be had in the county where such action or prosecution was commenced, and provides that in such cases the venue must be changed to another county in the

same Judicial Circuit. Examination of that section shows that it relates only to a change of venue on the ground that a fair and impartial trial cannot be had in the county in which the action or proceeding was commenced. Therefore, it does not affect, nor was it intended to affect, the power of the Court to remove causes for the reasons stated in subdivisions 1 and 3 of section 176 of the Code of Civil Procedure.

If the venue is laid in the wrong county, on motion of a party interested, it must be changed to the proper county, without regard to whether that county be in the same or a different Circuit; and so, also, under the provision 2, 3 of the third subdivision, if the place of trial should be changed on account of the convenience of witnesses and promote the ends of justice, it may be necessary to remove the cause to another Circuit, or defeat the very purpose intended to be accomplished.

Order affirmed.